UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Delkor Systems, Inc.,

       Plaintiff,

v.                                                                                     Civil No. 13-870 (JNE/AJB)
                                                                                     ORDER

Urs Reuteler, Swissmech, Inc., a Georgia
corporation a/k/a Swiss Mechanical, Inc. & Urs
Reuteler d/b/a Swissmech, Inc.,

       Defendants.

       In January 2007, Delkor Systems, Inc., and Swiss Mechanical, Inc., entered into a Contract Agreement for Consulting Services. Urs Reuteler, Swiss Mechanical's president, executed the Agreement for Swiss Mechanical. The Agreement contained non-disclosure and non-compete provisions. In late 2012, the Agreement terminated. In early 2013, Bosch Packaging Technology, Inc., offered a position to Reuteler. In March 2013, Reuteler informed Delkor Systems of his intent to accept the offer and to start working for Bosch Packaging Technology in April 2013.

       On April 2, 2013, Reuteler, Swissmech, Inc., and Bosch Packaging Technology, brought an action for declaratory and injunctive relief again Delkor Systems in the United States District Court for the Northern District of Georgia. Reuteler, Swissmech, and Bosch Packaging Technology sought to restrain Delkor Systems from enforcing the Agreement. They also sought declarations that the Agreement's non-disclosure and non-compete provisions are unenforceable.

       On April 10, 2013, Delkor Systems filed this action in the Minnesota District Court for the Fourth Judicial District. Delkor Systems sought declarations that the Agreement's non-disclosure and non-compete provisions are enforceable. It also sought injunctive relief to prevent Reuteler and Swissmech from violating those provisions. Finally, Delkor Systems

1

asserted that Reuteler and Swissmech had misappropriated its trade secrets. Reuteler and Swissmech removed the action from state court on April 15, 2013. The next day, Delkor Systems moved for a temporary restraining order.

"In cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case as a matter of federal comity." *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999). "The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (quoting *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)).

In support of its motion for a temporary restraining order, Delkor Systems asserted that the first-filed rule does not apply. *See Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006-07 (8th Cir. 1993). The Court expresses no opinion as to whether the first-filed rule applies. If the Northern District of Georgia concludes that the first-filed rule does not apply, then this action will be allowed to proceed. In the meantime, the Court stays this action and denies Delkor Systems' motion for a temporary restraining order without prejudice to its renewal at an appropriate time. *See Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 418-19 (8th Cir. 1999).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Delkor Systems' motion for a temporary restraining order [Docket No. 5] is DENIED.

2. This action is STAYED.

Dated: April 18, 2013

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge