UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Delkor Systems, Inc.,

       Plaintiff,

v.                                     Civil No. 13-870 (JNE/AJB)
                                       ORDER

Urs Reuteler, Swissmech, Inc., a Georgia
corporation a/k/a Swiss Mechanical, Inc. & Urs
Reuteler d/b/a Swissmech, Inc.,

       Defendants.

In January 2007, Delkor Systems, Inc., and Swiss Mechanical, Inc., entered into a Contract Agreement for Consulting Services. Urs Reuteler, Swiss Mechanical's president, executed the Agreement for Swiss Mechanical. The Agreement contained non-disclosure and non-compete provisions. In late 2012, the Agreement terminated. In early 2013, Bosch Packaging Technology, Inc., offered a position to Reuteler. In March 2013, Reuteler informed Delkor Systems of his intent to accept the offer and to start working for Bosch Packaging Technology in April 2013.

On April 2, 2013, Reuteler, Swissmech, Inc., and Bosch Packaging Technology, brought an action for declaratory and injunctive relief against Delkor Systems in the United States District Court for the Northern District of Georgia. Reuteler, Swissmech, and Bosch Packaging Technology sought to restrain Delkor Systems from enforcing the Agreement. They also sought declarations that the Agreement's non-disclosure and non-compete provisions are unenforceable.

On April 10, 2013, Delkor Systems filed this action in the Minnesota District Court for the Fourth Judicial District. Delkor Systems sought declarations that the Agreement's non-disclosure and non-compete provisions are enforceable. It also sought injunctive relief to prevent Reuteler and Swissmech from violating those provisions. Finally, Delkor Systems

asserted that Reuteler and Swissmech had misappropriated its trade secrets.  Reuteler and

Swissmech removed the action from state court on April 15, 2013.  The next day, Delkor

Systems moved for a temporary restraining order.[1]

Because of the first-filed action in the Northern District of Georgia, the Court denied

Delkor Systems' motion for a temporary restraining order without prejudice to its renewal at an

appropriate time and stayed this action on April 18, 2013.  *See Keymer v. Mgmt. Recruiters Int'l,*

*Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999); *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167

F.3d 417, 418-19 (8th Cir. 1999); *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d

487, 488 (8th Cir. 1990).  Concluding that it could not exercise personal jurisdiction over Delkor

Systems, the Northern District of Georgia recently granted Delkor Systems' motion to dismiss.

Consequently, the Court lifts the stay.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.      The stay imposed on April 18, 2013, is LIFTED.

Dated: May 28, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1]      Reuteler and Swissmech removed the action on the basis of jurisdiction conferred by 28 U.S.C. § 1332(a)(1) (2006 & Supp. V 2011).  In its memorandum in support of its motion for a temporary restraining order, Delkor Systems asserted that complete diversity of citizenship does not exist.  *Cf.* 28 U.S.C. § 1447(c) (2006) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Laclede Gas Co. v. St. Charles Cnty.*, 713 F.3d 413, 416-17 (8th Cir. 2013) ("While we agree that it is preferable to resolve assertions of lack of jurisdiction when ruling upon a motion for a preliminary injunction or a motion for a temporary restraining order, the district court's failure to do so, by itself, does not require reversal.").